# Stewart *against* Abrams.

An award of arbitrators and judgment against two, upon a declaration against one, is fatally erroneous.

In a joint action against two, instituted by *capias,* which was executed as to one, the plaintiff may have an *alias capias* to bring the other in, and then he may declare against both.

ERROR to the common pleas of *Fayette* county.

Eli Abrams against Hamilton Stewart and Henry Chaffee.

The defendant in error, who was plaintiff below, on the 16th of December 1833, to January term 1834, instituted an action of debt by *capias* against both defendants. This writ was returned, " *C. C.*

[*Stewart v. Abrams.*]

*et B. B.* as to Hamilton Stewart.   *N. E. I.* as to Henry Chaffee."
Special bail and appearance by attorney were duly entered for Hamilton Stewart.

March 11, 1834, the plaintiff filed his *narr.* against Stewart alone, reciting that Chaffee, upon a *capias* issued, &c., could not be found, &c.   On the same day, to June term 1834, the plaintiff issued an *alias capias* against the defendants, directing the sheriff to execute it on Chaffee only.   This writ was returned " *C. C. et B. B.*," and special bail was entered for Chaffee, but no appearance by attorney.

Without having filed a new *narr.* or amended the old one, the plaintiff, on the 12th of January 1835, in the suit as docketed to June term 1834, entered a rule of reference to choose on the 5th of February 1835.   This rule was served on the attorney of Stewart, and on Chaffee personally.   On the day fixed for choosing, " the plaintiff by his attorney and the prothonotary choose," &c. and the prothonotary fixed the time (March 2d, 1835) and place of meeting.   The certified copy of the record, containing the names and time and place of meeting of the arbitrators was returned, " served by copy on the arbitrators, and left copy with Mr Chaffee for Chaffee & Stewart." The award was as follows :—

" March 2, 1835, William Swearingen and Clement Wood, two of the within arbitrators met ; Daniel Black not attending, John M'Cleery is substituted in his place.   Arbitrators being organized and sworn, defendants *not* appearing, on investigation they find for the plaintiff the sum of 221 dollars 75 cents and costs of suit."

Judgment on the award.
Errors assigned.

1. The action being joint against both defendants, the plaintiff should have declared against both before entering a rule of reference.

2. Only one of the defendants below is declared against, yet the award and judgment are against both.

3. The defendant Stewart had no notice of the time and place of meeting of the arbitrators.

4. The arbitrators appear to have made out their award without evidence.

*Veech,* for plaintiff in error, cited, 2 *Rawle* 149 ; 5 *Serg. & Rawle* 45.

*Howel,* for defendant in error, cited, 4 *Serg. & Rawle* 140 ; 4 *Watts* 12.

PER CURIAM.—At the return of *cepi corpus* as to one, it was at the plaintiff's election to proceed against him exclusively, or to bring in the other by an *alias* against him only, and reciting the former writ and return, and having him also in court, to declare against both. But he could not proceed separately against the one, and also secure the responsibility of the other.   Beside, the declaration is against but

one, and the award is against both ; an irregularity which is in every way fatal.

Judgment reversed.